

366 Madison Avenue | 7th Floor
New York, New York 10017
Tel 212-453-5900 | Fax 212-453-5959

Writer's Direct Dial:
ANDREW T. WILLIAMSON
212-453-5937
AWilliamson@fordharrison.com

June 2, 2021

**VIA ECF**
Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201

    Re: **Sampson v. International Union of Operating Engineers**
           **Case No.: 1:19-cv-04946**

Dear Magistrate Judge Reyes:

    We represent defendant International Union of Operating Engineers, Local 14 ("Defendant") in the above-referenced case. We write in accordance with Local Rule 37.3(a) and Rule III(C) of Your Honor's Individual Rules and Practices. Specifically, we seek the Court's assistance in resolving a discovery dispute concerning plaintiff Terrance Sampson's ("Plaintiff") refusal to provide relevant discovery.

    Defendant has produced nearly 2,000 pages of documents in discovery as well as a trove of electronic data. Conversely, and as explained below, Plaintiff has flouted his discovery obligations and refused to provide the most basic discovery. The discovery issues ripe for Court intervention are set forth below. The parties met and conferred by telephone on May 20, 2021. During the meet and confer, Plaintiff's counsel agreed to supplement Plaintiff's responses to several document requests and also his Rule 26 disclosures by May 28, 2021. Plaintiff failed to supplement the responses as promised, necessitating this application.

**1.**     **Plaintiff's Deficient Rule 26 Initial Disclosures**

    In his Rule 26 initial disclosures, Plaintiff did not properly identify witnesses with knowledge and instead provided a generic list of employees and members of Defendant (e.g., "officers and/or Business Agents of Local 14", "members of Local 14," or "[g]enerally, employees of Local 14 and the Local 14 benefit funds"), as well as unnamed "non-members working in the jurisdiction of Local 14." *See* Exhibit 1. This amounts to a non-disclosure and is improper. *See Chinn v Elmwood Franklin Sch.*, No. 15-CV-00938-FPG-JJM, 2018 US Dist LEXIS 188307, at *7-8 (W.D.N.Y. Nov. 1, 2018) ("The parties must provide the specific names of the individuals they might use as witnesses. It is not sufficient to identify them through the use of a collective description, such as employees or representatives of the defendant."). Plaintiff also did not provide a *computation* of each category of the damages claimed. "[B]y its very terms Rule 26(a) requires…a 'computation' [of damages], supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).



After the meet and confer, Plaintiff purported to supplement his Rule 26 Initial Disclosure by letter, dated May 20, 2021. *See* Exhibit 2. In the letter, Plaintiff essentially repeats the prior non-disclosure, only making vague reference to "any Local 14 member" and "contractors" in general. Such broad categorical disclosures allow a party to sandbag another later at trial with just about anyone within a category, which is contrary to the rules of discovery and trial procedure. Rule 26(a)(1)(A) specifies that a party "must disclose the names of ***any*** witness that the party ***may*** use to support its claims or defenses so as not to sandbag his or her adversary before trial." *Pik Quan Leong v 127 Glen Head Inc.*, 2016 US Dist LEXIS 26666, at *16 (E.D.N.Y. Mar. 2, 2016) (emphasis in original). In fact, when Plaintiff was ordered to file evidence evidencing the predicate of his claims in support of his motion to compel, on April 20, 2020, Plaintiff filed excerpts from depositions and declarations from individuals who are not parties *and* who were never identified in Plaintiff's Rule 26 disclosures. [ECF No. 28]. Moreover, his counsel submitted a declaration vaguely referencing other evidence, "including eye witness accounts of the defendant dictating the assignment of engineers at major construction sites" and that he had "attended numerous depositions of operating engineers, contractors and officials of defendant…examined thousands of documents, including job referral slips…and contractor payrolls." [ECF No. 28, ¶5]. Plaintiff has not produced any of the documents referenced by Plaintiff's counsel.[1]

Plaintiff's letter also fails to provide any computation of each category of the damages claimed by Plaintiff. Instead, the letter merely states that "plaintiff's economic damages will be calculated as the difference between what he would have earned in the absence of discrimination and what he actually did earn." Not only does the letter lack any mention of the other categories of damages claimed by Plaintiff (i.e., non-economic damages)[2], but the response lacks any computation or figure as Rule 26 requires. Plaintiff cannot skirt his most basic discovery obligations and sandbag Defendant.

## 2. **Plaintiff's Deficient Document Responses**[3]

### A. Doc. Request No. 2: HIPAA-compliant authorizations

Plaintiff objected to Defendant's request for HIPAA-compliant authorizations, claiming that he has "not waived the patient-physician privilege or any other privilege that attends to health care records." In the Complaint, Plaintiff seeks damages for alleged "shame, humiliation, embarrassment and mental distress." In his Rule 26 disclosures, Plaintiff seeks "non-economic damages suffered by him as a result of defendant's discrimination and retaliation." *See* Ex. 1. Therefore, Plaintiff has put his mental and physical well-being into issue, and must be compelled to produce the HIPAA-compliant authorizations. *See Murray v. Bd. of Educ. of City of N.Y.,* 199 F.R.D. 154, 156 (S.D.N.Y. 2001) ("Plaintiff put her mental condition 'in issue' when she claimed damages for emotional distress in this action and therefore waived the psychiatrist-patient privilege for the psychiatrist's notes that are relevant to the time and subject matter of this action.").

---

[1] Disclosure of this information was required as part of Plaintiff's Rule 26 disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring Plaintiff to disclose "a copy – or a description by category and location – of all documents…that [he] may use to support [his] claims…"); *Lujan v. Cabana Mgmt.*, 284 F.R.D. 50, 70 (E.D.N.Y. 2012) (finding party violated Rule 26 by failing to produce requested documents it later used to support a motion).

[2] Neither the letter nor Plaintiff's Rule 26 disclosures specifies the "non-economic damages" suffered by Plaintiff.

[3] Plaintiff's responses to Defendant's First Request for Production of Documents is attached as Exhibit 3.

### B. Doc. Request No. 3: Authorizations for Plaintiff's Employment Records

Plaintiff refused to produce any authorizations responsive to this request and instead objected on the grounds that the request is "overbroad and seeks irrelevant information." Plaintiff's employment history is without question relevant. Plaintiff alleges that he worked inferior jobs (compared to his white counterparts) during the relevant time period. All of the jobs worked by Plaintiff were as an employee of various contractors, not Defendant. Defendant is also entitled to discover records from Plaintiff's employers reflecting his work performance and also any disciplinary issues. *See O'Garra v Northwell Health*, No. CV 16-2191 (DRH)(AYS), 2018 US Dist LEXIS 9746, at *11 (E.D.N.Y. Jan. 22, 2018) (ordering the plaintiff to execute written authorizations to release employment records in employment discrimination case).

### C. Doc. Request No. 5: Copies of Plaintiff's Licenses and Certifications

Plaintiff initially agreed to produce his "licenses and certifications from within the relevant time period that are relevant to jobs within the jurisdiction of Local 14." However, Plaintiff did not identify the "relevant period" relied upon in responding to this request. During the meet and confer, it was agreed that the relevant period began with 2014. Plaintiff agreed to supplement this response and confirm that he had produced all licenses and certifications for the period dating back to 2014. He has not done so.

### D. Doc. Request Nos. 9-11: Documents in connection with jobs Plaintiff was referred to, those he rejected, and those he worked but obtained outside of the hall

For these requests, Plaintiff responded by claiming the requests are "unintelligible." While the requests contained minor typographical errors, they were not "unintelligible." As Plaintiff claims he worked jobs inferior to those his white counterparts worked, the requested documents are discoverable and Defendant is entitled to review any documents in Plaintiff's possession reflecting his referral/selection for jobs under the three different scenarios.

### E. Doc. Request No. 63: All documents concerning Morrison et al. v. Local 14

Plaintiff responds to this request claiming he is "unaware of any responsive documents in his possession or control." However, Plaintiff adopted an entirely inconsistent position when submitting "evidence" on a motion to compel in this case. Specifically, in a declaration submitted in support of the motion to compel, Plaintiff submitted excerpts from several deposition transcripts from that case and specifically referenced the *Morrison* case throughout the declaration [ECF No. 28]. Despite having relied on documents and materials from ***that*** case as "evidence" in ***this*** case, Plaintiff's counsel claims that because he technically possesses the documents and materials and not his client, they are exempt from disclosure. Plaintiff cannot use materials from the *Morrison* litigation as both a shield and a sword. He must supplement his response to this request and produce documents in his possession or else be precluded from using them on a motion or at trial.

### F. Plaintiff's Audio Recording Production

Plaintiff has produced 48 audio recordings, but failed to provide any context of the recordings. By letter dated June 16, 2020, Defendant asked Plaintiff to provide specific information related to the recordings. *See* Exhibit 4. On March 11, 2021, Plaintiff merely produced a spreadsheet identifying only some of the information. *See* Exhibit 5. Notably, Plaintiff failed to identify any of the speakers in eight recordings and in nearly every other recording he failed to identify all of the speakers whose voices can be heard in the recordings. Plaintiff has not identified where 34 of the recordings took place or the date of four recordings.

We thank you for your consideration.

Respectfully submitted,

*/s/ Andrew T. Williamson*

Andrew T. Williamson

cc: Counsel of record (via ECF)