# MICHAEL G. O'NEILL
ATTORNEY AT LAW

*By ECF*

June 3, 2021

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Sampson v. Local 14
               19 CV 4946

Dear Judge Reyes:

    I represent the plaintiff, and I am writing to respond to the June 2, 2021 letter from counsel for defendant. I will address the items in the order raised by counsel.

    1.    Rule 26 disclosures. I thought this had been resolved in our meet and confer. As I believe Your Honor knows, this case alleges that defendant assigns jobs to its members in a discriminatory manner. The individuals who would be responsible for this, and thus who would have knowledge of the facts, are the Business Manager and Business Agents of the defendant, also known as Delegates, who administer the job referral system and liaison with contractors. I did not list them by name for obvious reasons, but I offered to and Mr. Williamson said that would not be necessary.

    It is also self evident, I think, that members of Local 14 and Contractors who hire Local 14 members would have some knowledge or information relating to defendant's referral practices, but I could not single any out as having any more knowledge than any others. I am not sure what Mr. Williamson thinks plaintiff should do.

    As for damages, plaintiff has identified generally his theory of economic damages. He cannot calculate those damages presently, because he does not have sufficient information regarding the earnings of Local 14 members who are not discriminated against. This will be a somewhat complex calculation. Local 14 does not keep track of member earnings, and the only source of information relating to the same would come from the Fund. I subpoenaed the Funds records some time ago (last year), but I have no yet received them. These records will show the hours that other members worked, but not the jobs they held or the rate of pay. At this point, to attempt to perform calculations would simply be futile. Again, I don't know what Mr. Williamson thinks plaintiff should do.

    Non economic damages are not calculated and so no calculation is expected or required.

2.	HIPAA authorizations. In our meet and confer, I represented to Mr. Williamson that plaintiff seeks damages only for garden variety emotional pain and suffering. "In this Circuit, courts have held that where a plaintiff seeks damages for 'garden-variety' emotional distress, the plaintiff has not put his medical history in issue, nor has he waived his physician-patient privilege." *Misas v. N.-Shore Long Island Jewish Health Sys.*, No. 14-cv-8787 (ALC) (DJF), 2016 U.S. Dist. LEXIS 96764, at *9 (S.D.N.Y. July 25, 2016). The *Murray* case cited by defendant dealt with whether purported attorney-client communications within the records of a psychiatrist (which plaintiff had produced) were privileged. *Murray* is not applicable.

3.	Employment records. This is a fishing expedition. This case is about how defendant refers members to jobs. As defendant is undoubtedly aware, contractors do not typically keep personnel files for laborers. The usual practice is to have a worker sign payroll forms required by law and perhaps show that he or she possesses any required license or certification.

Due to defendant's discriminatory practices, many of plaintiff's jobs have been short term, sometimes only for one or two days. During the time period in question, plaintiff has worked for at least 121 separate contractors. Defendant keeps a record of every job held by plaintiff and these records show how plaintiff obtained every such job, i.e., whether he was referred, requested or found it on his own. Plaintiff's W-2 forms will show what he earned from each contractor.

Defendant has not explained what information it would expect to find in plaintiff's "employment records" that it does not already have or is produced by plaintiff that would shed light on how defendant refers members to jobs or be relevant to any other issue in this lawsuit. Defendant is, of course, free to subpoena records.

4.	Licenses and certifications. This is not in issue. Defendant could have reminded me that it was waiting for confirmation that plaintiff has produced all his licenses and certifications. I told Mr. Williamson in our meet and confer that I have produced everything plaintiff has given me. As far as I know, nothing is missing but I will confirm that fact once my client has confirmed it to me.

5.	Documents regarding referred jobs, etc. Defendant did not accurately present plaintiff's response, which was as follows:

> "Plaintiff cannot respond to this demand because it is unintelligible. Plaintiff is not knowingly withholding from production any documents that are responsive to plaintiff's interpretation of this demand, and any such documents will be produced in response to other demands herein.

Given plaintiff's response, I do not know what relief Mr. Williamson is asking for.

6.	*Morrison* documents. As I explained to Mr. Williamson, whatever remains in my office from the *Morrison* case belongs to me or to the *Morrison* clients. Plaintiff does not own or control the contents of my files from other cases. He can no more demand that I produce to him or anybody else that material any more than other clients can demand that I

turn over to them, for example, Mr. Sampson's recordings. Not only has Mr. Williamson not explained how plaintiff can require me to turn over my *Morrison* file, but he has not explained why it would be relevant to plaintiff's case. In addition, I do not know what non-privileged portions of my file would not be in the possession of Local 14 or its previous attorneys.

7. Plaintiff's recordings. Plaintiff has provided what information he has or can recall. I have agreed to supplement plaintiff's response to the extent that plaintiff is able to provide me with further information. Again, Mr. Williamson does not identify the relief he is seeking or how he expects plaintiff to provide information he does not have.

Based on the foregoing, I do not believe defendant is entitled to any relief.

Respectfully yours,

