UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Terrence Sampson,                                    **MEMORANDUM & ORDER**

                Plaintiff,

      -against-                                       19-CV-04946 (DG) (LKE)

International Union of Operating Engineers Local
14-14B,

                Defendant.
----------------------------------------------------------------X
Terrence Sampson,

                Plaintiff,

      -against-                                       22-CV-03588 (DG) (LKE)

International Union of Operating Engineers Local
14-14B,

                Defendant.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Pending before the Court is the motion filed by Defendant International Union of Operating Engineers Local 14-14B on July 14, 2025 at ECF No. 118 in Case No. 19-CV-04946 and at ECF No. 76 in Case No. 22-CV-03588 (the "Motion"), in which Defendant seeks reconsideration of the Court's June 30, 2025 denial of Defendant's *Daubert* motion. By letter dated July 21, 2025 and filed at ECF No. 119 in Case No. 19-CV-04946 and at ECF No. 77 in Case No. 22-CV-03588 (the "Opposition"), Plaintiff Terrence Sampson opposes the Motion. By letter dated July 25, 2025 and filed at ECF No. 120 in Case No. 19-CV-04946 and at ECF No. 78 in Case No. 22-CV-03588 (the "Reply"), Defendant replies to the Opposition.

      For the reasons set forth below, the Motion is denied.

## BACKGROUND

**I.  Denial of Defendant's *Daubert* Motion**

Familiarity with the procedural history and background of the above-captioned cases is assumed herein.  As particularly relevant here, Defendant filed a *Daubert* motion in each of the above-captioned cases to preclude the testimony of Plaintiff's proffered expert, Dr. Shane Thompson, which motion Plaintiff opposed.[1]  No party requested oral argument on the *Daubert* motion.  The Court nevertheless held a conference on June 30, 2025 so that the parties could be heard further on the *Daubert* motion.  At the outset of the conference, the Court informed the parties that the Court had considered all of the filings in connection with the *Daubert* motion.  Lengthy discussion and argument on the *Daubert* motion followed.  The parties were afforded the opportunity both to answer the Court's questions and to raise anything they wished to raise.  After hearing from the parties, the Court briefly summarized the applicable legal framework – a topic that was not a subject of dispute between the parties – and orally denied the *Daubert* motion.  *See generally* Transcript of June 30, 2025 conference ("Tr."), ECF No. 121 in Case No. 19-CV-04946 and ECF No. 79 in Case No. 22-CV-03588.[2]

In denying the *Daubert* motion, the Court stated that it found that the qualification requirement of Rule 702 of the Federal Rules of Evidence had been satisfied; that, in general, the opinions of Dr. Thompson that he would testify to satisfy the reliability requirement of Rule 702; that, in general, the challenges that Defendant raises, including with respect to omitted variable

---

[1]  Defendant's *Daubert* motion was filed at ECF No. 108 in Case No. 19-CV-04946 and at ECF No. 66 in Case No. 22-CV-03588.

[2]  Defendant appears to be under the misimpression that the Minute Entry for the June 30, 2025 conference is the Court's order denying the *Daubert* motion when, in fact, the Minute Entry is not an order – it is a brief description of the conference held on June 30, 2025 at which the *Daubert* motion was denied orally.  *See* Minute Entry for June 30, 2025 conference; *see generally* Tr.

bias, are more properly the subject of cross-examination and do not justify preclusion; and that, in general, the testimony of Dr. Thompson is relevant and will help the jury to understand the evidence or to determine a fact in issue. *See* Tr. 36-37. The Court further stated that it did not find that Dr. Thompson's testimony in its entirety should be precluded on Rule 403 grounds. *See* Tr. 37. The Court also stated that Dr. Thompson would not be permitted to testify in such a way as to usurp the function of the jury. *See* Tr. 37. Notably, the Court observed "that the parties seem to be talking past each other to some degree and . . . that there may be some common ground, including with respect to specifically what is and what is not relevant testimony of Dr. Thompson" and the Court encouraged the parties to talk with each other about the specifics. *See* Tr. 37.

## II.    The Instant Motion

In the instant Motion, Defendant requests that the Court "reconsider its denial of Defendant's *Daubert* motion pursuant to Local Rule 6.3 or, in the alternative, provide a limiting instruction to preclude [Plaintiff's] expert, Dr. Shane Thompson, from testifying on [certain specified] narrow issues." *See* Motion at 1. Defendant also requests "clarification of the Court's Order on Defendant's *Daubert* motion." *See* Motion at 1. In addition, Defendant requests that "[i]f the Court declines to reconsider its preclusion of certain parts of Dr. Thompson's testimony," Defendant be allowed "to depose Dr. Thompson on his supplemental report." *See* Motion at 3.

In opposing the Motion, Plaintiff argues, *inter alia*, that "Defendant is simply confused" about the Court's ruling on the *Daubert* motion. *See* Opposition at 1 & n.1. Plaintiff points out (1) that the Court did not, as Defendant suggests, accept all of Dr. Thompson's testimony "carte blanche," *see* Opposition at 1 n.1; *see also* Motion at 2-3, (2) that "objections to specific

3

questions to, or testimony of, Dr. Thompson can be made at trial," *see* Opposition at 1, and (3) that "[s]ince Dr. Thompson has not yet made any statements in the presence of the jury, the request for a limiting instruction is premature, and defendant has not submitted a proposed instruction [and thus] [t]here is nothing for the Court to decide in this regard," *see* Opposition at 1.  With respect to the issue of the deposition request, Plaintiff indicates that the parties had communicated about the request and Plaintiff had agreed to consider the request subject to some clarification and Plaintiff argues that the request is a discovery motion that should be denied for failure to include a statement regarding a meet and confer.  *See* Opposition at 1-2.

In reply, Defendant, *inter alia*, repeats certain arguments previously raised and responds to certain of Plaintiff's arguments in opposition to the Motion.  *See generally* Reply.

## DISCUSSION

Upon consideration of the parties' submissions in connection with the Motion, the record to date, and the applicable law, the Motion is DENIED.

### I.     Applicable Law

"A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (alterations accepted) (quotation omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Id*. (quotation omitted); *see also Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir.), *cert. denied*, 145 S. Ct. 279 (2024); Rule 6.3 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York (requiring that a motion for reconsideration be supported by a memorandum "setting forth concisely the matters or controlling decisions" purportedly "overlooked" by the Court); *Prestige Jewelry Int'l, Inc. v. BK Jewellery HK, BK Jewelry (N.Y) Inc.*, No. 11-CV-02930, 2015 WL 8481873, at *1 (S.D.N.Y. Oct. 14, 2015) ("The Court of Appeals has made clear that reconsideration of prior decisions should be the exception rather than the rule."); *In re CRM Holdings, Ltd. Sec. Litig.*, No. 10-CV-00975, 2013 WL 787970, at *3 (S.D.N.Y. Mar. 4, 2013) ("The standard for reconsideration under Local Rule 6.3 is 'strict,' and reconsideration will generally be denied unless a moving party can point to matters that 'might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))); *de los Santos v. Fingerson*, No. 97-CV-03972, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) ("[T]he proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings. The purpose of the local rule confining reconsideration to matters 'overlooked' and barring the submission of affidavits unless authorized by the court is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." (quotation omitted)).

## II.     The Motion is Denied

Here, Defendant has failed to meet its burden of demonstrating that reconsideration is warranted. Defendant has not identified an intervening change of controlling law since the Court issued its decision on the *Daubert* motion; Defendant has not pointed to any new evidence; Defendant has not identified any controlling decisions or data overlooked by the

Court; and Defendant's argument that there is a need to prevent manifest injustice is not supported by the record before the Court.[3] Nothing presented in the Motion alters the Court's prior conclusion that precluding the entirety of Dr. Thompson's testimony is not warranted. Consistent with the Court's June 30, 2025 decision, Defendant will of course be permitted at trial to cross-examine Dr. Thompson and/or lodge objections to specific testimony of Dr. Thompson.[4] The parties are again encouraged to discuss with each other the specifics of the anticipated testimony.[5]

## CONCLUSION

For the reasons set forth above, the Motion, filed at ECF No. 118 in Case No. 19-CV-04946 and at ECF No. 76 in Case No. 22-CV-03588, is DENIED.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: July 29, 2025
Brooklyn, New York

---

[3] Defendant's assertion that "the Court overlook[ed] the standards of admissibility codified by the Federal Rules and rooted in case law," *see* Motion at 2, is belied by the record. *See generally* Tr. (reflecting, *inter alia*, that the Court considered all of the filings in connection with the *Daubert* motion, discussed the applicable legal framework, and requested that the parties address certain specific caselaw).

[4] That portion of the instant Motion that requests a deposition is denied without prejudice. Any discovery-related request shall be directed to Magistrate Judge Lara K. Eshkenazi.

[5] Curiously, Defendant seeks preclusion of testimony by Dr. Thompson about "union operations" (or a limiting instruction with respect to the same), *see* Reply at 2, notwithstanding that Plaintiff affirmatively represented at the June 30, 2025 conference that Dr. Thompson will not be testifying about "how the union works," *see* Tr. 26. The Court again observes that there may be common ground between the parties.